B1 (Official Form 1) (4/10)

| UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION (CHICAGO) | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle): **Gravity Graphics, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): **35-2213185** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State): **27W230 Beecher Avenue** **Winfield, IL**    ZIP CODE **60190** | Street Address of Joint Debtor (No. and Street, City, and State):    ZIP CODE |
| County of Residence or of the Principal Place of Business: **Du Page** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): **1212 Barnham** **Carol Stream, IL**    ZIP CODE **60188** | Mailing Address of Joint Debtor (if different from street address):    ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):    ZIP CODE | |

**Type of Debtor**
(Form of Organization)
(Check one box.)

- [ ] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box.)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other

**Tax-Exempt Entity**
(Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)

- [x] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)

- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check one box.)

- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- [ ] Debtor is a small business debtor as defined by 11 U.S.C. § 101(51D).
- [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| [x] 1-49 | [ ] 50-99 | [ ] 100-199 | [ ] 200-999 | [ ] 1,000-5,000 | [ ] 5,001-10,000 | [ ] 10,001-25,000 | [ ] 25,001-50,000 | [ ] 50,001-100,000 | [ ] Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| [ ] $0 to $50,000 | [ ] $50,001 to $100,000 | [x] $100,001 to $500,000 | [ ] $500,001 to $1 million | [ ] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| [ ] $0 to $50,000 | [ ] $50,001 to $100,000 | [ ] $100,001 to $500,000 | [ ] $500,001 to $1 million | [x] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas (210) 561-5300, Copyright 1996-2011 (Build 9.0.83.1, ID 0797551177)*

B1 (Official Form 1) (4/10)                                                                    Page 2

| **Voluntary Petition** | Name of Debtor(s): **Gravity Graphics, Inc.** |
|---|---|
| *(This page must be completed and filed in every case.)* | |

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location Where Filed:<br>**None** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor**    (If more than one, attach additional sheet.)

| Name of Debtor:<br>**None** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☑ Exhibit A is attached and made a part of this petition. | **X** _____ <br> Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

  ☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

  ☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas (210) 561-5300, Copyright 1996-2011 (Build 9.0.83.1, ID 0797551177)*

# Voluntary Petition
*(This page must be completed and filed in every case)*

Name of Debtor(s):   **Gravity Graphics, Inc.**

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____

X _____

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Attorney*

X **/s/ Charles Wm. Dobra, Esq.**
_____

**Charles Wm. Dobra, Esq.**          Bar No. **00647039**

**Charles Wm. Dobra, Ltd.**
**675 E. Irving Park Road**
**Suite 100**
**Roselle, IL 60172**

Phone No. **(630) 893-2494**          Fax No. **(630) 893-2497**

4/11/2011
_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**Gravity Graphics, Inc.**

X **/s/ David B. Cox**
_____
Signature of Authorized Individual

**David B. Cox**
_____
Printed Name of Authorized Individual

**President**
_____
Title of Authorized Individual

4/11/2011
_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION (CHICAGO)

IN RE:   **Gravity Graphics, Inc.**                                CASE NO

                                                                  CHAPTER    **7**

## EXHIBIT "A" TO VOLUNTARY PETITION

1.  Debtor's employer identification number is_____**35-2213185**_____.

2.  If any of debtor's securities are registered under section 12 of the Securities and Exchange Act of 1934, the SEC file
    number is_____**35-2213185**_____.

3.  The following financial data is the latest available information and refers to the debtor's condition on_____**3/1/2011**_____.

    a. Total Assets                    **$260,381.19**

    b. Total Liabilities               **$986,933.06**

| Secured debt | Amounts | Approximate number of holders |
|---|---|---|
| Fixed, liquidated secured debt | $0.00 | 2 |
| Contingent  secured debt | $350,323.08 | 2 |
| Disputed secured debt | $350,323.08 | 2 |
| Unliquidated secured debt | $374,075.74 | 3 |
| **Unsecured debt** | **Amounts** | **Approximate number of holders** |
| Fixed, liquidated unsecured debt | $0.00 | 6 |
| Contingent  unsecured debt | $11,275.00 | 1 |
| Disputed unsecured debt | $0.00 | 0 |
| Unliquidated unsecured debt | $612,857.32 | 37 |
| **Stock** | **Amounts** | **Approximate number of holders** |
| Number of shares of preferred stock | | |
| Number of shares of common stock | | |

*Comments, if any*

4.  Brief description of debtor's business:
    *Printing*

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION (CHICAGO)

IN RE:   **Gravity Graphics, Inc.**                                    CASE NO

                                                                       CHAPTER   **7**

## EXHIBIT "A" TO VOLUNTARY PETITION

*Continuation Sheet No. 1*

---

5. List the name of any person who directly or indirectly owns, controls, or holds, with power to vote, 20% or more of the voting securities of the debtor:

   *David B. Cox*

---

6. List the name of all corporations 20% or more of the outstanding voting securities of which are directly or indirectly owned, controlled, or held, with power to vote, by debtor:

   *None*

---

I, _____**David B. Cox**_____ , the _____**President**_____ of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing Exhibit "A" to Voluntary Petition, and that it is true and correct to the best of my information and belief.

Date:___**4/11/2011**_____          Signature:___**/s/ David B. Cox**_____

                                                          **David B. Cox**
                                                          **President**

B6A (Official Form 6A) (12/07)

In re  **Gravity Graphics, Inc.**                                      Case No. _____
                                                                                              (if known)

# SCHEDULE A - REAL PROPERTY

| Description and Location of Property | Nature of Debtor's Interest in Property | | Current Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption | Amount Of Secured Claim |
|---|---|---|---|---|
| 2 Commercial condos located at 27W230 Beecher Avenue, Winfield, IL 60190.  Purchased in April, 2005 for $500,000.  PROPERTY TO BE SURRENDERED. | 100% interest | | $245,000.00 | $374,075.74 |
| | | Total: | $245,000.00 | |

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

In re  **Gravity Graphics, Inc.**                                      Case No. _____

                                                                                    (if known)

## SCHEDULE B - PERSONAL PROPERTY

| Type of Property | None | Description and Location of Property | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|
| 1. Cash on hand. | X | | |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Checking account: Advantage National Bank, 75 E Turner Avenue, Elk Grove Village, IL 60007 | $0.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | Commonwealth Edison Company. | $320.00 |
| | | Pre-paid or paid condominium association payments made to: Winfield Condominium Association, c/o Finney Family Ltd. Partnership, 425 East Washington, Villa Park, Illinois 60181. | Unknown |
| | | Pre-paid real estate taxes paid to: Winfield Condominium Association, c/o Finney Family Ltd. Partnership, 425 E. Washington, Villa Park, IL 60181. | $8,000.00 |
| 4. Household goods and furnishings, including audio, video and computer equipment. | X | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | |
| 6. Wearing apparel. | X | | |
| 7. Furs and jewelry. | X | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Gravity Graphics, Inc.**                                    Case No. _____

                                                                                (if known)

# SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 1*

| Type of Property | None | Description and Location of Property | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | |
| 10. Annuities.  Itemize and name each issuer. | X | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans.  Give particulars. | X | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | |
| 16. Accounts receivable. | | SEE EX. "A" | $4,061.19 |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Gravity Graphics, Inc.**                                    Case No. _____

                                                                              (if known)

# SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 2*

| Type of Property | None | Description and Location of Property | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | |
| 19. Equitable or future interests, life estates, and rights or powers exercis-able for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | |
| 21. Other contingent and unliqui-dated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Gravity Graphics, Inc.**                                         Case No. _____
                                                                                        (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 3*

| Type of Property | None | Description and Location of Property | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|:---:|---|---:|
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | |
| 26. Boats, motors, and accessories. | X | | |
| 27. Aircraft and accessories. | X | | |
| 28. Office equipment, furnishings, and supplies. | | SEE EX. "B" | Unknown |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | |
| 30. Inventory. | | Consisting of: Paper cover stock; Ink, black & colors; Chemicals; Plate material; Misc. Office Supplies; Misc. Bindery Supplies; Misc. boxes and finishing supplies. | $3,000.00 |
| 31. Animals. | X | | |
| 32. Crops - growing or harvested. Give particulars. | X | | |
| 33. Farming equipment and implements. | X | | |
| 34. Farm supplies, chemicals, and feed. | X | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Gravity Graphics, Inc.**                                    Case No. _____
                                                                              (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 4*

| Type of Property | None | Description and Location of Property | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|
| 35. Other personal property of any kind not already listed.  Itemize. | X | | |

                                          ____4____  continuation sheets attached      **Total  >** | **$15,381.19**
(Include amounts from any continuation sheets attached.  Report total also on Summary of Schedules.)

B6C (Official Form 6C) (4/10)

In re  **Gravity Graphics, Inc.**                                    Case No. _____

                                                                                          (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐  Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                            $146,450.*

☐  11 U.S.C. § 522(b)(2)

☐  11 U.S.C. § 522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| Not Applicable | | | |
| *Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment.* | | $0.00 | $0.00 |

B6D (Official Form 6D) (12/07)

In re **Gravity Graphics, Inc.**                    Case No. _____
                                                                         (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|
| ACCT #: **xxx329-1**<br><br>**Advantage National Bank**<br>**75 E Turner Avenue**<br>**Elk Grove Village, IL 60007** | X | DATE INCURRED: **4/10**<br>NATURE OF LIEN:<br>**Promissory Note**<br>COLLATERAL:<br>**2 Commercial condos located at 27W230 Beecher**<br>REMARKS:<br>**Seemingly there is a UCC filing for this loan.**<br><br>VALUE: **$245,000.00** | X | X | X | **$181,746.28** | |
| **Representing:**<br>**Advantage National Bank** | | **Advantage National Bank Group**<br>**Loan Department**<br>**PO Box 70**<br>**Bloomingdale, IL 60108** | | | | **Notice Only** | **Notice Only** |
| ACCT #: **xxx329-8**<br><br>**Advantage National Bank**<br>**75 E Turner Avenue**<br>**Elk Grove Village, IL 60007** | X | DATE INCURRED: **4/10**<br>NATURE OF LIEN:<br>**Promissory Note**<br>COLLATERAL:<br>**2 Commercial condos located at 27W230 Beecher**<br>REMARKS:<br>**Seemingly, there is a UCC filing for this loan.**<br><br>VALUE: **$245,000.00** | X | X | X | **$168,576.80** | **$105,323.08** |
| **Representing:**<br>**Advantage National Bank** | | **Advantage National Bank Group**<br>**Loan Department**<br>**PO Box 70**<br>**Bloomingdale, IL 60108** | | | | **Notice Only** | **Notice Only** |
| | | Subtotal (Total of this Page) > | | | | **$350,323.08** | **$105,323.08** |
| | | Total (Use only on last page) > | | | | | |

_____1_____continuation sheets attached

(Report also on Summary of Schedules.)     (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6D (Official Form 6D) (12/07) - Cont.

In re  **Gravity Graphics, Inc.**

Case No. _____
(if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|
| ACCT #: **xxxxxx0136**<br>**Advantage National Bank**<br>**Lorenzini & Associates, Ltd.**<br>**1900 Spring Road, Ste 501**<br>**Oak Brook, IL 60523** | | DATE INCURRED:<br>NATURE OF LIEN:<br>**Notice Only**<br>COLLATERAL:<br>**2 Commercial condos located at 27W230 Beecher**<br>REMARKS:<br><br>VALUE:  **$248,000.00** | | | | **$0.00** | |
| **Representing:**<br>**Advantage National Bank** | | **Advantage National Bank Group**<br>**Loan Department**<br>**PO Box 70**<br>**Bloomingdale, IL 60108** | | | | **Notice Only** | **Notice Only** |
| ACCT #: **xxxxx0097**<br>**Finney Family Ltd Partnership**<br>**c/o Lewis John Craft & Associates**<br>**250 E St. Charles Road**<br>**Villa Park, IL 60181** | | DATE INCURRED:<br>NATURE OF LIEN:<br>**Notice Only**<br>COLLATERAL:<br>**2 Commercial condos located at 27W230 Beecher**<br>REMARKS:<br><br>VALUE:  **$245,000.00** | | | | **$0.00** | |
| ACCT #:<br>**Finney Family Ltd. Partnership**<br>**425 E Washington**<br>**Villa Park, IL 60181** | | DATE INCURRED:  **4/06**<br>NATURE OF LIEN:<br>**Condo Association Fees**<br>COLLATERAL:<br>**2 Commercial condos located at 27W230 Beecher**<br>REMARKS:<br><br>VALUE:  **$245,000.00** | | | X | **$23,752.66** | **$23,752.66** |

Sheet no. ____1____ of ____1____ continuation sheets attached
to Schedule of Creditors Holding Secured Claims

| | |
|---|---|
| Subtotal (Total of this Page) > | **$23,752.66** |
| Total (Use only on last page) > | **$374,075.74** |

| | |
|---|---|
| **$23,752.66** |
| **$129,075.74** |

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6E (Official Form 6E) (04/10)

In re **Gravity Graphics, Inc.**                                         Case No. _____

                                                                                                   (If Known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS   (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief.  11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,600* for deposits for the purchase, lease or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☑ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

☐ **Administrative allowances under 11 U.S.C. Sec. 330**
Claims based on services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by such person as approved by the court and/or in accordance with 11 U.S.C. §§ 326, 328, 329 and 330.

*\* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

_____1_____continuation sheets attached

B6E (Official Form 6E) (04/10) - Cont.

In re **Gravity Graphics, Inc.**                                    Case No. _____
                                                                              (If Known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

| TYPE OF PRIORITY | Taxes and Certain Other Debts Owed to Governmental Units |
|---|---|

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCT #: xx-xxx3185<br>**Ilinois Department of Revenue**<br>**Bankruptcy Section**<br>**Level 7-425**<br>**Chicago, Illinois  60101** | | DATE INCURRED: **'06-'11**<br>CONSIDERATION:<br>**Taxes**<br>REMARKS: | | | X | **$26,000.00** | **$26,000.00** | **$0.00** |
| ACCT #: xx-xxx3185<br>**Illinois Department of**<br>**Unemployment Security**<br>**Benefit Payment Control Dept.**<br>**PO Box 4385**<br>**Chicago, Illinois  60680** | | DATE INCURRED: **'06-'11**<br>CONSIDERATION:<br>**Taxes**<br>REMARKS:<br>**Past due contributions under the Illinois Unemployment Insurance Act.** | | | X | **$69,000.00** | **$69,000.00** | **$0.00** |
| **Representing:**<br>**Illinois Department of** | | **Illinois Dept. of Employment Security**<br>**Collections Section**<br>**33 S. State Street**<br>**Chicago, IL 60603** | | | | **Notice Only** | **Notice Only** | **Notice Only** |
| ACCT #: xx-xxx3185<br>**US Internal Revenue Service**<br>**Dept. of the Treasury**<br>**Centralized Insolvensy Operations**<br>**PO Box 7346**<br>**Philiadelphia, PA  19101-7346** | | DATE INCURRED: **'06-'11**<br>CONSIDERATION:<br>**Taxes**<br>REMARKS: | | | X | **$325,000.00** | **$325,000.00** | **$0.00** |
| | | | | | | | | |
| | | | | | | | | |

Sheet no. _____1_____ of _____1_____ continuation sheets
attached to Schedule of Creditors Holding Priority Claims

|  | | | |
|---|---|---|---|
| Subtotals (Totals of this page) > | **$420,000.00** | **$420,000.00** | **$0.00** |
| Total > <br>**(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.)** | **$420,000.00** | | |
| Totals > <br>**(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.)** | | **$420,000.00** | **$0.00** |

B6F (Official Form 6F) (12/07)

In re   **Gravity Graphics, Inc.**                          Case No. _____
                                                                    (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|
| ACCT #:<br>**Advantage National Bank**<br>**c/o John G. Foreman, Esq.**<br>**Lorenzini & Assoc. Ltd.**<br>**15122 S. Indian Boundary Rd.**<br>**Plainified, IL 60544** | | DATE INCURRED: **8-'06-4-'11**<br>CONSIDERATION:<br>**Action for Replevin**<br>REMARKS:<br>**Allegations of complaint at law seeks recovery of equipment located at 27W230 Beecher Ave., Winfield, IL 60190. "Claim** | X | X | | $125,000.00 |
| | | **Amount" does not include court costs or requested attorney fees.  SEE SOFA.** | | | | |
| ACCT #:<br>**All Star Computer Mailing**<br>**1235 Humbracht Circle**<br>**Unit D**<br>**Bartlett, IL 60103** | | DATE INCURRED: **'10-'11**<br>CONSIDERATION:<br>**Vendor**<br>REMARKS: | | | X | $5,800.00 |
| ACCT #:  **704**<br>**Ameriprint Corporation**<br>**1401 Diggins Street**<br>**Harvard, IL 60033** | | DATE INCURRED: **2011**<br>CONSIDERATION:<br>**Vendor**<br>REMARKS: | | | X | $1,380.60 |
| ACCT #:<br>**Baker Offset Service Corp.**<br>**6993 Coralee Drive**<br>**Belvidere, IL 61008** | | DATE INCURRED: **2011**<br>CONSIDERATION:<br>**Vendor**<br>REMARKS: | | | X | $4,961.98 |
| ACCT #:<br>**Bane Leasing of America**<br>**Lease Administration Center**<br>**PO Box 371992**<br>**Pittsburg, PA  15250** | | DATE INCURRED: **'10-'11**<br>CONSIDERATION:<br>**Vendor**<br>REMARKS:<br>**Lease of Konica Minolta 5501** | | | X | $3,043.65 |
| | | | | Subtotal > | | $140,186.23 |

_____**6**_____ continuation sheets attached

**Total >**
**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable, on the**
**Statistical Summary of Certain Liabilities and Related Data.)**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Gravity Graphics, Inc.**                                    Case No. _____
                                                                              (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|
| ACCT #:<br>**Cbeyond Communications**<br>**13474 Collections Center Drive**<br>**Chicago, IL 60693** | | DATE INCURRED: **'10-'11**<br>CONSIDERATION:<br>**Vendor**<br>REMARKS:<br>**Telecommunications services.** | | X | | **$1,800.00** |
| **Representing:**<br>**Cbeyond Communications** | | **CBeyond Communications**<br>**1520 Kensington Road**<br>**Oak Brook, IL 60523** | | | | **Notice Only** |
| ACCT #:<br>**Charles H. Luck Envelope, Inc.**<br>**ATTN: Mr. Tim Kennedy**<br>**10551 Anderson Place**<br>**Franklin Park, IL 60131** | | DATE INCURRED: **'10-'11**<br>CONSIDERATION:<br>**Vendor**<br>REMARKS:<br>**Stationery.** | | X | | **$2,495.00** |
| ACCT #:<br>**Charles Wm. Dobra, Ltd.**<br>**675 E. Irving Park Road**<br>**Suite 100**<br>**Roselle, IL 60172** | | DATE INCURRED: **03/23/2011**<br>CONSIDERATION:<br>**Attorney Fees**<br>REMARKS: | | | | **$0.00** |
| ACCT #:<br>**ComEd**<br>**Bill Payment Center**<br>**Chicago, IL 60668-0001** | | DATE INCURRED: **2011**<br>CONSIDERATION:<br>**Utility vendor**<br>REMARKS: | | X | | **$2,878.90** |
| ACCT #:<br>**Converted Images**<br>**365 Criss Circle**<br>**Elk Grove Village, IL 60007** | | DATE INCURRED: **'10-'11**<br>CONSIDERATION:<br>**Vendor**<br>REMARKS: | | X | | **$1,189.43** |

Sheet no. ____1____ of ____6____ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

**Subtotal >**    **$8,363.33**

**Total >**
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   **Gravity Graphics, Inc.**                                      Case No. _____
                                                                              (if known)

### SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|
| ACCT #:  **xxxxxxxx1130**<br>**Creative Printing Services, Inc.**<br>**Arnstein & Lehr, LLP**<br>**120 S Riverside Plaza, Ste 1200**<br>**Chicago, IL 60606** | | DATE INCURRED:  **2003**<br>CONSIDERATION:<br>**Open account**<br>REMARKS:<br>**Judgment** | | X | | **$50,000.00** |
| ACCT #:<br>**Domestic Linen Supply Company, Inc.**<br>**245 W. Factory road**<br>**Addison, IL 60101** | | DATE INCURRED:  **'09-'11**<br>CONSIDERATION:<br>**Open account**<br>REMARKS: | | X | | **$10,000.00** |
| ACCT #:  **xxxxxx xxxxices**<br>**Eagle Ridge Paper, Inc.**<br>**222 S Harbor Blvd., Ste 900**<br>**Anaheim, CA 92805** | | DATE INCURRED:  **10/09**<br>CONSIDERATION:<br>**Open account**<br>REMARKS: | | X | | **$15,322.91** |
| ACCT #:  **xxxxxx4166**<br>**Eagle Ridge Paper, Inc.**<br>**Holland & Knight, LLP**<br>**131 S Dearborn Street, 30th Floor**<br>**Chicago, IL 60603** | | DATE INCURRED:<br>CONSIDERATION:<br>**Notice Only**<br>REMARKS: | | | | **$0.00** |
| ACCT #:<br>**Erie Insurnace Co.**<br>**100 Erie Insurance Place**<br>**Erie, PA  16530-1105** | | DATE INCURRED:  **'10-'11**<br>CONSIDERATION:<br>**Insurance**<br>REMARKS: | | X | | **$3,859.00** |
| ACCT #:  **GG3**<br>**Finkel Supply, Inc.**<br>**ATTN: Accounts Receivable**<br>**PO Box 604**<br>**Wood Dale, IL 60191** | | DATE INCURRED:  **2011**<br>CONSIDERATION:<br>**Vendor**<br>REMARKS: | | X | | **$351.27** |

Sheet no. _____**2**_____ of _____**6**_____ continuation sheets attached to                    **Subtotal >**            **$79,533.18**
Schedule of Creditors Holding Unsecured Nonpriority Claims

                                                                                    **Total >**
                                        **(Use only on last page of the completed Schedule F.)**
                                        **(Report also on Summary of Schedules and, if applicable, on the**
                                        **Statistical Summary of Certain Liabilities and Related Data.)**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Gravity Graphics, Inc.**                    Case No. _____
                                                              (if known)


### SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|
| ACCT #: <br> **Gibbon Printing Inks** <br> **ATTN: Mr. Erick Olech** <br> **801A N. State Street** <br> **Elgin, IL 60123** | | DATE INCURRED: **'10-'11** <br> CONSIDERATION: <br> **Vendor** <br> REMARKS: | | X | | $2,064.50 |
| ACCT #:  **4621** <br> **Graphic 3 Papers, Inc.** <br> **307 Eisenhower Lane South** <br> **Lombard, IL 60148** | | DATE INCURRED: **'10-'11** <br> CONSIDERATION: <br> **Vendor** <br> REMARKS: | | X | | $31,977.54 |
| ACCT #:  **xxx7435** <br> **Jorson & Carlson, Inc.** <br> **1501 Pratt Boulevard** <br> **PO Box 796** <br> **Elk Grove Village, IL 60007** | | DATE INCURRED: **'10-'11** <br> CONSIDERATION: <br> **Vendor** <br> REMARKS: | | X | | $393.47 |
| ACCT #: <br> **Konica Minolta** <br> **ATTN. Ms. Patty Mondie** <br> **100 Williams Drive** <br> **Ramsey, NJ  07446** | | DATE INCURRED: **'10-'11** <br> CONSIDERATION: <br> **Vendor** <br> REMARKS: | | X | | $5,967.43 |
| ACCT #: <br> **Laminating Express** <br> **Express Laminating** <br> **1861 Marci Ct.** <br> **Glendale Heights, IL 60139** | | DATE INCURRED: **'10-'11** <br> CONSIDERATION: <br> **Vendor** <br> REMARKS: | | X | | $67.50 |
| ACCT #: <br> **Leslie Company** <br> **15290 S. Keeler** <br> **Olathe, KS  66062** | | DATE INCURRED: **'10-'11** <br> CONSIDERATION: <br> **Vendor** <br> REMARKS: | | X | | $400.00 |

Sheet no. _____**3**_____ of _____**6**_____ continuation sheets attached to                          **Subtotal >**         **$40,870.44**
Schedule of Creditors Holding Unsecured Nonpriority Claims

**Total >**
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   **Gravity Graphics, Inc.**                                    Case No. _____
                                                                                  (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|
| ACCT #:<br>**Murnane Paper Company**<br>**345 W. Fisher Farm Road**<br>**Elmhurst, IL 60126** | | DATE INCURRED:  **'09-'11**<br>CONSIDERATION:<br>**Vendor**<br>REMARKS:<br>**There may be a judgment for this obligation.** | | X | | **$2,136.00** |
| ACCT #:<br>**Murnane Paper Company**<br>**345 W. Fisher Farm Road**<br>**Elmhurst, IL 60126** | | DATE INCURRED:  **2/24/2009**<br>CONSIDERATION:<br>**Vendor**<br>REMARKS:<br>**Lawsuit filed 3/9/07 in 1st Dist.; DWP'd, and refiled.  See: SOFA.** | | X | | **$12,783.28** |
| **Representing:**<br>**Murnane Paper Company** | | **Arnstein & Lehr**<br>**120 S. Riverside Plaza**<br>**Chicago, Illinois  60606** | | | | **Notice Only** |
| ACCT #:<br>**Nicor Gas**<br>**PO Box 416**<br>**Aurora, IL 60568-0001** | | DATE INCURRED:  **2011**<br>CONSIDERATION:<br>**Utility**<br>REMARKS: | | X | | **$980.00** |
| ACCT #:<br>**Phoenix International**<br>**36960 Eagle Way**<br>**Chicago, IL 60678-1369** | | DATE INCURRED:  **'10-'11**<br>CONSIDERATION:<br>**Vendor**<br>REMARKS: | | X | | **$645.00** |
| ACCT #:  **xxxx3033**<br>**Pitman Company**<br>**221 Covington Drive**<br>**Bloomingdale, IL 60188** | | DATE INCURRED:  **'10-'11**<br>CONSIDERATION:<br>**Vendor**<br>REMARKS: | | X | | **$560.00** |

Sheet no. ____4____ of ____6____ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

**Subtotal >**   **$17,104.28**

**Total >**
**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Gravity Graphics, Inc.**                                    Case No. _____
                                                                              (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|
| ACCT #:  **xx3780**<br>**PressSense, Inc.**<br>**PO Box 725**<br>**Lemont, IL 60439** | | DATE INCURRED: **'10-'11**<br>CONSIDERATION:<br>**Vendor**<br>REMARKS: | | X | | **$3,485.67** |
| ACCT #:<br>**Robert Allen Shramuk**<br>**Suite 160**<br>**2056 Westings Ave.**<br>**Naperville, IL 60563** | | DATE INCURRED: **'10-'11**<br>CONSIDERATION:<br>**Vendor**<br>REMARKS: | | X | | **$1,400.00** |
| ACCT #:  **xxxxxx0337**<br>**Roselle Bank & Trust**<br>**1350 W Lake Street**<br>**Roselle, IL 60172** | | DATE INCURRED: **12/10**<br>CONSIDERATION:<br>**Overdraft**<br>REMARKS: | | X | | **$2,407.28** |
| ACCT #:<br>**The Oldham Group**<br>**PO Box 5015**<br>**Springfield, IL 62705** | | DATE INCURRED: **2011**<br>CONSIDERATION:<br>**Vendor**<br>REMARKS: | | X | | **$1,777.65** |
| ACCT #:<br>**Thomas Breen, Esq.**<br>**Attorney at Law**<br>**619 Addison Road**<br>**Addison, IL 60101** | | DATE INCURRED: **'09-'11**<br>CONSIDERATION:<br>**Legal Services**<br>REMARKS: | X | X | | **$11,275.00** |
| ACCT #:<br>**Toyo**<br>**ATTN: Mr. John Johnston**<br>**710 West Belden Ave.**<br>**Suite B**<br>**Addison, IL 60101** | | DATE INCURRED: **'10-'11**<br>CONSIDERATION:<br>**Vendor**<br>REMARKS: | | X | | **$1,424.12** |

Sheet no. ___**5**___ of ___**6**___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal >   **$21,769.72**

Total >
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   **Gravity Graphics, Inc.**                                     Case No. _____

                                                                                      (if known)


## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|
| ACCT #:<br>**Waste Management**<br>**PO Box 4648**<br>**Carol Stream, IL 60197-4648** | | DATE INCURRED: **2011**<br>CONSIDERATION:<br>**Utilities**<br>REMARKS: | | | X | $383.79 |
| ACCT #:<br>**Wipe-Co Rags**<br>**Wipe-Co Rags, Inc.**<br>**250 N. Mannheim Road**<br>**Unit B**<br>**Hillside, IL 60162** | | DATE INCURRED: **2011**<br>CONSIDERATION:<br>**Vendor**<br>REMARKS: | | | X | $98.55 |
| ACCT #:<br>**Woodland Paper, Inc.**<br>**ATTN: Mr. Vinnie Paragon**<br>**50785 Pontiac Trail**<br>**Wixom, MI 48393** | | DATE INCURRED: **'10-'11**<br>CONSIDERATION:<br>**Vendor**<br>REMARKS: | | | X | $9,448.00 |
| ACCT #:<br>**Zep Manufacturing Company**<br>**13237 Collections Center Drive**<br>**Chicago, IL 60093** | | DATE INCURRED: **'10-'11**<br>CONSIDERATION:<br>**Vendor**<br>REMARKS: | | | X | $99.80 |
| | | | | | | |
| | | | | | | |

Sheet no. ___6___ of ___6___ continuation sheets attached to                                    **Subtotal >** | **$10,030.14**
Schedule of Creditors Holding Unsecured Nonpriority Claims

                                                                                      **Total >** | **$317,857.32**
                                                    **(Use only on last page of the completed Schedule F.)**
                                      **(Report also on Summary of Schedules and, if applicable, on the**
                                      **Statistical Summary of Certain Liabilities and Related Data.)**

B6G (Official Form 6G) (12/07)

In re  **Gravity Graphics, Inc.**                                           Case No. _____
                                                                                    (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.
State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease.
Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to
one of the leases of contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a
minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| **CBeyond, Inc.**<br>320 Interstate North Parkway SE<br>Atlanta, GA 30339 | Cell phone and land line phone.  Telecommunications services.<br>Contract to be REJECTED |

B6H (Official Form 6H) (12/07)

In re **Gravity Graphics, Inc.**                                                    Case No. _____

                                                                                          (if known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **David Cox**<br>1212 Burnham Street<br>Carol Stream, IL 60188 | **Advantage National Bank**<br>75 E Turner Avenue<br>Elk Grove Village, IL 60007 |
| **David Cox**<br>1212 Burnham St.<br>Carol Stream, IL 60188 | **Advantage National Bank**<br>75 E Turner Avenue<br>Elk Grove Village, IL 60007 |

B6 Summary (Official Form 6 - Summary) (12/07)

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION (CHICAGO)

In re  **Gravity Graphics, Inc.**                                    Case No.

                                                                     Chapter     **7**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $245,000.00 | | |
| B - Personal Property | Yes | 5 | $15,381.19 | | |
| C - Property Claimed as Exempt | No | | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | $374,075.74 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $420,000.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 7 | | $317,857.32 | |
| G - Exectory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | | | | N/A |
| TOTAL | | 19 | $260,381.19 | $1,111,933.06 | |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re  **Gravity Graphics, Inc.**                                                                    Case No. _____
                                                                                                                              (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____**_President_**_____ of the _____**Corporation**_____

named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of

_____**21**_____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

(Total shown on summary page plus 1.)

Date **4/11/2011**_____        Signature  __**/s/ David B. Cox**_____

                                                                                            **David B. Cox**
                                                                                            **President**

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

*Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.*

B7 (Official Form 7) (04/10)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

In re:   **Gravity Graphics, Inc.**                                    Case No.  _____

                                                                                          (if known)

# STATEMENT OF FINANCIAL AFFAIRS

---

None
☐

## 1. Income from employment or operation of business

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the two years immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|--------|--------|
| **$721,753.04** | **2008--Gross sales** |
| **$906,639.42** | **2009--Gross sales** |
| **$592,619.16** | **2010-Gross sales** |

---

None
☑

## 2. Income other than from employment or operation of business

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

## 3. Payments to creditors

*Complete a. or b., as appropriate, and c.*

None
☑

a.  Individual or joint debtor(s) with primarily consumer debts:  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600.  Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None
☑

b.  Debtor whose debts are not primarily consumer debts:  List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

---

None
☑

c.  All debtors:  List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

B7 (Official Form 7) (04/10) - Cont.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION (CHICAGO)

In re:   **Gravity Graphics, Inc.**                                            Case No. _____

                                                                                          (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 1*

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐

a.  List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Advantage National Bank v. Gravity Graphics, Inc., & David Cox.** 2011L000136 | Action on note. | **Circuit Court of the Eighteenth Judicial Circuit, Du Page County, Wheaton, Illinois.** | **Pending.** |
| **Eagle Ridge Paper, Inc. v. Gravity Graphics, Inc.** 2010 AR 004166 | **Collection** | **Circuit Court of the Eighteenth Judicial Circuit Du Page County, Wheaton, Illinois** | **Pending** |
| **Domestic Linen Supply Company Inc v. Gravity Graphics, Inc. & David Cox** | **Collection** | **American Arbitration Association, Commercial Arbitration Tribunal** | **Award for claimant entered November 16, 2010** |
| **Murnane Paper Company v. Gravity Graphics** 2007 M1 118936 | **Collection** | **Circuit Court of Cook County, Illinois First Municipal District** | **Seeming DWP'd on 6/11/2007.** |
| **Murnane Paper Company v. Gravity Graphics** 2007 M1 186567 | **Collection** | **Circuit Court of Cook County, Illinois First Municipal District** | **Seemingly a re-filing of 2007 M1 118936; judgment entered February, 2009 for $12,783.28 plus costs.** |
| **Advantage National Bank v. Gravity Graphics, Inc.** 2011L000308` | **Action in Replevin** | **Circuit Court of the 18th Judicial Circuit, Wheaton, Du Page County, Illinois** | **Filed 3/21/2011; pending.** |

---

None ☐

b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Advantage National Bank c/o Eric A. Freeland Lorenzini & Associates, Ltd. 1900 Spring Road - Suite 501 Oak Brook, IL 60523** | **February-April 2011** | **The bank has issued, pursuant to its agreement with Debtor, demand letters directed to individuals and entities that owe debtor corporation money for services rendered.  It is unknown at present how much money was collected, if any.  Therefore, it is impossible for the Debtor to estimate the value of the** |

B7 (Official Form 7) (04/10) - Cont.

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION (CHICAGO)

In re:   **Gravity Graphics, Inc.**                                          Case No. _____

                                                                                    (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 2*

**property. In addition, Debtor has
turned over to the bank all personal
property located at its previous place
of business.**

---

None
☐

### 5. Repossessions, foreclosures and returns

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned
to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must
include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a
joint petition is not filed.)

|  | DATE OF REPOSSESSION,<br>FORECLOSURE SALE,<br>TRANSFER OR RETURN | DESCRIPTION AND VALUE<br>OF PROPERTY |
|---|---|---|
| **NAME AND ADDRESS OF CREDITOR OR SELLER**<br>**Mitshubishi** |  | **Plate maker** |
| **Mitsubishi Imaging (MPM) Inc.**<br>**ATTN: Yutaka Oka**<br>**555 Theodore Fremnd Ave.**<br>**Rye, New York  10580** | **March, 2011** | **Plate Maker**<br>**$30,000.00** |

---

None
☐

### 6. Assignments and receiverships

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.
(Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is
filed, unless the spouses are separated and a joint petition is not filed.)

|  | DATE OF<br>ASSIGNMENT | TERMS OF ASSIGNMENT<br>OR SETTLEMENT |
|---|---|---|
| **NAME AND ADDRESS OF ASSIGNEE**<br>See: answer to Par. 4(b). |  |  |

---

None
☑

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the
commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both
spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None
☑

### 7. Gifts

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual
gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100
per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a
joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None
☑

### 8. Losses

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the
commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not
a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

B7 (Official Form 7) (04/10) - Cont.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

In re:  **Gravity Graphics, Inc.**                                        Case No. _____

                                                                                        (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 3*

---

**9. Payments related to debt counseling or bankruptcy**

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Charles Wm. Dobra, Esq.<br>675 E Irving Park Road<br>Suite 100<br>Roselle, IL 60172 | 02/22/2011 | $2500.00 |
| U S Bankruptcy Court | | $299 filing for Chapter 7 Bankruptcy |

---

**10. Other transfers**

None ☑

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑

b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

---

**11. Closed financial accounts**

None ☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| PNC Winfield<br>f/k/a Winfield Community Bank<br>27W111 Geneva Road<br>Winfield, IL 60190 | A/C#:20004107--Commercial checking. | Debtor paid $106.00 to cover overdrafts<br>Date: March, 2011 |
| National City Bank (now PNC)<br>250 E. Roosevelt Road<br>Wheaton, IL 60187 | Commercial checking | Debtor paid $125.00 to cover overdrafts.<br>Closed: June 15, 2010. |

---

**12. Safe deposit boxes**

None ☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

B7 (Official Form 7) (04/10) - Cont.

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION (CHICAGO)

In re:  **Gravity Graphics, Inc.**                                    Case No. _____

                                                                              (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 4*

---

None ☑ **13. Setoffs**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☑ **14. Property held for another person**

List all property owned by another person that the debtor holds or controls.

---

None ☑ **15. Prior address of debtor**

If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

---

None ☑ **16. Spouses and Former Spouses**

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

---

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

---

None ☑ a.  List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

---

None ☑ b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

---

None ☑ c.  List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

B7 (Official Form 7) (04/10) - Cont.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

In re:   **Gravity Graphics, Inc.**                    Case No. _____

                                                                              (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 5*

---

None ☑

**18. Nature, location and name of business**

a.  If the debtor is an individual, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

---

None ☑

b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.)

---

None ☐

**19. Books, records and financial statements**

a.  List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **David B. Cox** | |

---

None ☐

b.  List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **IDES** | |

---

None ☑

c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

---

None ☑

d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case.

B7 (Official Form 7) (04/10) - Cont.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

In re:   **Gravity Graphics, Inc.**                                  Case No. _____

                                                                            (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 6*

---

None ☐

**20. Inventories**

a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

|  |  | **DOLLAR AMOUNT OF INVENTORY** |
|---|---|---|
| **DATE OF INVENTORY** | **INVENTORY SUPERVISOR** | **(Specify cost, market or other basis)** |
| 3/2011 | David B. Cox | Personal desk and pictures |

None ☑

b.  List the name and address of the person having possession of the records of each of the inventories reported in a., above.

---

None ☑

**21. Current Partners, Officers, Directors and Shareholders**

a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

None ☐

b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

|  |  | **NATURE AND PERCENTAGE** |
|---|---|---|
| **NAME AND ADDRESS** | **TITLE** | **OF STOCK OWNERSHIP** |
| David B. Cox | President | 100% |

None ☑

**22. Former partners, officers, directors and shareholders**

a.  If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

None ☑

b.  If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

---

None ☑

**23. Withdrawals from a partnership or distributions by a corporation**

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

---

None ☑

**24. Tax Consolidation Group**

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of the case.

---

None ☑

**25. Pension Funds**

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

B7 (Official Form 7) (04/10) - Cont.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION (CHICAGO)

In re:  **Gravity Graphics, Inc.**                                       Case No. _____

                                                                              (if known)


# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 7*

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any
attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date __**4/11/2011**_____          Signature ___**/s/ David B. Cox**_____

                                                                              **David B. Cox**
                                                                              **President**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.*
*18 U.S.C. §§ 152 and 3571*

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION (CHICAGO)

IN RE:   **Gravity Graphics, Inc.**                                    CASE NO

                                                                      CHAPTER   **7**

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

PART A -- Debts secured by property of the estate.  (Part A must be fully completed for EACH debt which is secured by property of the estate.  Attach additional pages if necessary.)

---

Property No.   1

| **Creditor's Name:** | **Describe Property Securing Debt:** |
|---|---|
| Advantage National Bank<br>75 E Turner Avenue<br>Elk Grove Village, IL 60007<br>xxx329-1 | 2 Commercial condos located at 27W230 Beecher Aven |

Property will be (check one):
☑ Surrendered          ☐ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☐ Reaffirm the debt
☐ Other.  Explain (for example, avoid lien using 11 U.S.C. § 522(f)):

Property is (check one):
☐ Claimed as exempt          ☐ Not claimed as exempt

---

Property No.   2

| **Creditor's Name:** | **Describe Property Securing Debt:** |
|---|---|
| Advantage National Bank<br>75 E Turner Avenue<br>Elk Grove Village, IL 60007<br>xxx329-8 | 2 Commercial condos located at 27W230 Beecher Aven |

Property will be (check one):
☑ Surrendered          ☐ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☐ Reaffirm the debt
☐ Other.  Explain (for example, avoid lien using 11 U.S.C. § 522(f)):

Property is (check one):
☐ Claimed as exempt          ☐ Not claimed as exempt

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION (CHICAGO)

IN RE:   **Gravity Graphics, Inc.**

CASE NO

CHAPTER   **7**

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

*Continuation Sheet No. 1*

---

Property No.   3

| **Creditor's Name:** | **Describe Property Securing Debt:** |
|---|---|
| Advantage National Bank<br>Lorenzini & Associates, Ltd.<br>1900 Spring Road, Ste 501<br>Oak Brook, IL 60523<br>xxxxxxx0136 | 2 Commercial condos located at 27W230 Beecher Aven |

Property will be (check one):
- ☒ Surrendered     ☐ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ☐ Reaffirm the debt
- ☐ Other.  Explain (for example, avoid lien using 11 U.S.C. § 522(f)):

Property is (check one):
- ☐ Claimed as exempt     ☐ Not claimed as exempt

---

Property No.   4

| **Creditor's Name:** | **Describe Property Securing Debt:** |
|---|---|
| Bane Leasing of America<br>Lease Administration Center<br>PO Box 371992<br>Pittsburg, PA  15250 | Vendor |

Property will be (check one):
- ☐ Surrendered     ☒ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ☒ Reaffirm the debt
- ☐ Other.  Explain (for example, avoid lien using 11 U.S.C. § 522(f)):

Property is (check one):
- ☐ Claimed as exempt     ☐ Not claimed as exempt

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION (CHICAGO)

IN RE:   **Gravity Graphics, Inc.**                                        CASE NO

                                                                            CHAPTER   **7**

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

*Continuation Sheet No. 2*

| Property No.   5 | |
|---|---|
| **Creditor's Name:**<br>Finney Family Ltd. Partnership<br>425 E Washington<br>Villa Park, IL 60181 | **Describe Property Securing Debt:**<br>2 Commercial condos located at 27W230 Beecher Aven |

Property will be (check one):
- ☑ Surrendered        ☐ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ☐ Reaffirm the debt
- ☐ Other.  Explain (for example, avoid lien using 11 U.S.C. § 522(f)):

Property is (check one):
- ☐ Claimed as exempt        ☐ Not claimed as exempt

| Property No.   6 | |
|---|---|
| **Creditor's Name:**<br>Laminating Express<br>Express Laminating<br>1861 Marci Ct.<br>Glendale Heights, IL 60139 | **Describe Property Securing Debt:**<br>Vendor |

Property will be (check one):
- ☐ Surrendered        ☑ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ☑ Reaffirm the debt
- ☐ Other.  Explain (for example, avoid lien using 11 U.S.C. § 522(f)):

Property is (check one):
- ☐ Claimed as exempt        ☐ Not claimed as exempt

PART B -- Personal property subject to unexpired leases.  (All three columns of Part B must be completed for each unexpired lease.
Attach additional pages if necessary.)

B 8 (Official Form 8) (12/08)

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION (CHICAGO)**

IN RE:   **Gravity Graphics, Inc.**                                CASE NO

                                                                                            CHAPTER   **7**

**CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION**

*Continuation Sheet No. 3*

| Property No.   1 | | |
|---|---|---|
| **Lessor's Name:**<br>CBeyond, Inc.<br>320 Interstate North Parkway SE<br>Atlanta, GA 30339 | **Describe Leased Property:**<br>Cell phone and land line phone.<br>Telecommunications services. | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br><br>YES ☐          NO ☑ |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date  4/11/2011 _____          Signature   **/s/ David B. Cox** _____
                                                                                                        ***David B. Cox***
                                                                                                        ***President***

Date _____                              Signature _____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

IN RE:   **Gravity Graphics, Inc.**                                    CASE NO

                                                                        CHAPTER    **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept:                    **$2,500.00**

    Prior to the filing of this statement I have received:          **$2,500.00**

    Balance Due:                                                        **$0.00**

2. The source of the compensation paid to me was:
    ☑ Debtor          ☐ Other (specify)

3. The source of compensation to be paid to me is:
    ☑ Debtor          ☐ Other (specify)

4. ☐  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☑  I have agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

    **Scott J. Kofkin, Esq.  & Thomas Breen, Esq. (Co-Counsels)**

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:
    **This agreement does not contemplate representation for any adversary proceeding.**

---

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **4/11/2011** | **/s/ Charles Wm. Dobra, Esq.** |
| *Date* | *Charles Wm. Dobra, Esq.*          Bar No.  00647039 |
| | Charles Wm. Dobra, Ltd. |
| | 675 E. Irving Park Road |
| | Suite 100 |
| | Roselle, IL 60172 |
| | Phone: (630) 893-2494 / Fax: (630) 893-2497 |

---

  **/s/ David B. Cox**

*David B. Cox*
*President*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

IN RE:   **Gravity Graphics, Inc.**                    CASE NO

                                                       CHAPTER    **7**

## <u>VERIFICATION OF CREDITOR MATRIX</u>

The above named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date  4/11/2011                          Signature  _/s/ David B. Cox_
                                                    *David B. Cox*
                                                    *President*

Date _____               Signature _____

Advantage National Bank
75 E Turner Avenue
Elk Grove Village, IL 60007

Cbeyond Communications
13474 Collections Center Drive
Chicago, IL 60693

David Cox
1212 Burnham St.
Carol Stream, IL 60188


Advantage National Bank
Lorenzini & Associates, Ltd.
1900 Spring Road, Ste 501
Oak Brook, IL 60523

CBeyond Communications
1520 Kensington Road
Oak Brook, IL 60523

Domestic Linen Supply Company,
245 W. Factory road
Addison, IL 60101


Advantage National Bank
c/o John G. Foreman, Esq.
Lorenzini & Assoc. Ltd.
15122 S. Indian Boundary Rd.
Plainified, IL 60544

CBeyond, Inc.
320 Interstate North Parkway SE
Atlanta, GA 30339

Eagle Ridge Paper, Inc.
222 S Harbor Blvd., Ste 900
Anaheim, CA 92805


Advantage National Bank Group
Loan Department
PO Box 70
Bloomingdale, IL 60108

Charles H. Luck Envelope, Inc.
ATTN: Mr. Tim Kennedy
10551 Anderson Place
Franklin Park, IL 60131

Eagle Ridge Paper, Inc.
Holland & Knight, LLP
131 S Dearborn Street, 30th Flo
Chicago, IL 60603


All Star Computer Mailing
1235 Humbracht Circle
Unit D
Bartlett, IL 60103

Charles Wm. Dobra, Ltd.
675 E. Irving Park Road
Suite 100
Roselle, IL 60172

Erie Insurnace Co.
100 Erie Insurance Place
Erie, PA  16530-1105


Ameriprint Corporation
1401 Diggins Street
Harvard, IL 60033

ComEd
Bill Payment Center
Chicago, IL 60668-0001

Finkel Supply, Inc.
ATTN: Accounts Receivable
PO Box 604
Wood Dale, IL 60191


Arnstein & Lehr
120 S. Riverside Plaza
Chicago, Illinois  60606

Converted Images
365 Criss Circle
Elk Grove Village, IL 60007

Finney Family Ltd Partnership
c/o Lewis John Craft & Associat
250 E St. Charles Road
Villa Park, IL 60181


Baker Offset Service Corp.
6993 Coralee Drive
Belvidere, IL 61008

Creative Printing Services, Inc
Arnstein & Lehr, LLP
120 S Riverside Plaza, Ste 1200
Chicago, IL 60606

Finney Family Ltd. Partnership
425 E Washington
Villa Park, IL 60181


Bane Leasing of America
Lease Administration Center
PO Box 371992
Pittsburg, PA  15250

David Cox
1212 Burnham Street
Carol Stream, IL 60188

Gibbon Printing Inks
ATTN: Mr. Erick Olech
801A N. State Street
Elgin, IL 60123

Graphic 3 Papers, Inc.
307 Eisenhower Lane South
Lombard, IL 60148

Nicor Gas
PO Box 416
Aurora, IL 60568-0001

US Internal Revenue Service
Dept. of the Treasury
Centralized Insolvensy Operatio
PO Box 7346
Philiadelphia, PA  19101-7346

Ilinois Department of Revenue
Bankruptcy Section
Level 7-425
Chicago, Illinois  60101

Phoenix International
36960 Eagle Way
Chicago, IL 60678-1369

Waste Management
PO Box 4648
Carol Stream, IL 60197-4648

Illinois Department of
Unemployment Security
Benefit Payment Control Dept.
PO Box 4385
Chicago, Illinois  60680

Pitman Company
221 Covington Drive
Bloomingdale, IL 60188

Wipe-Co Rags
Wipe-Co Rags, Inc.
250 N. Mannheim Road
Unit B
Hillside, IL 60162

Illinois Dept. of Employment Se
Collections Section
33 S. State Street
Chicago, IL 60603

PressSense, Inc.
PO Box 725
Lemont, IL 60439

Woodland Paper, Inc.
ATTN: Mr. Vinnie Paragon
50785 Pontiac Trail
Wixom, MI  48393

Jorson & Carlson, Inc.
1501 Pratt Boulevard
PO Box 796
Elk Grove Village, IL 60007

Robert Allen Shramuk
Suite 160
2056 Westings Ave.
Naperville, IL 60563

Zep Manufacturing Company
13237 Collections Center Drive
Chicago, IL 60093

Konica Minolta
ATTN. Ms. Patty Mondie
100 Williams Drive
Ramsey, NJ  07446

Roselle Bank & Trust
1350 W Lake Street
Roselle, IL 60172

Laminating Express
Express Laminating
1861 Marci Ct.
Glendale Heights, IL 60139

The Oldham Group
PO Box 5015
Springfield, IL 62705

Leslie Company
15290 S. Keeler
Olathe, KS  66062

Thomas Breen, Esq.
Attorney at Law
619 Addison Road
Addison, IL 60101

Murnane Paper Company
345 W. Fisher Farm Road
Elmhurst, IL 60126

Toyo
ATTN: Mr. John Johnston
710 West Belden Ave.
Suite B
Addison, IL 60101

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

| | | |
|---|---|---|
| IN RE: | § | |
| **Gravity Graphics, Inc.** | § | |
| | § | Case No. _____ |
| | § | |
| Debtor(s) | § | Chapter  **7**_____ |

# DECLARATION FOR ELECTRONIC FILING OF BANKRUPTCY
# PETITION, LISTS, STATEMENTS, AND SCHEDULES

## PART I: DECLARATION OF PETITIONER:

As an individual debtor in this case, or as the individual authorized to act on behalf of the corporation, partnership, or limited liability company seeking bankruptcy relief in this case, I hereby request relief as, or on behalf of, the debtor in accordance with the chapter of title 11, United States Code, specified in the petition to be filed electronically in this case.  I have read the information provided in the petition, lists, statements, and schedules to be filed electronically in this case and I HEREBY DECLARE UNDER PENALTY OF PERJURY that the information provided therein, as well as the social security information disclosed in this document, is true and correct.  I understand that this Declaration is to be filed with the Bankruptcy Court within five (5) business days after the petition, lists, statements, and schedules have been filed electronically.  I understand that a failure to file the signed original of this Declaration will result in the dismissal of my case.

☐   *[Only include for Chapter 7 individual petitioners whose debts are primarily consumer debts] --*
I am an individual whose debts are primarily consumer debts and who has chosen to file under chapter 7.  I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each chapter, and choose to proceed under chapter 7.

☑   *[Only include if petitioner is a corporation, partnership or limited liability company] --*
I hereby further declare under penalty of perjury that I have been authorized to file the petition, lists, statements, and schedules on behalf of the debtor in this case.

Date:  **4/11/2011**_____        **/s/ David B. Cox**_____
                                               David B. Cox
                                               President
                                               **Complete EIN:  35-2213185**_____

## PART II: DECLARATION OF ATTORNEY:

I declare UNDER PENALTY OF PERJURY that: (1) I will give the debtor(s) a copy of all documents referenced by Part I herein which are filed with the United States Bankruptcy Court; and (2) I have informed the debtor(s), if an individual with primarily consumer debts, that he or she may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

Date:  **4/11/2011**_____                    **/s/ Charles Wm. Dobra, Esq.**_____
                                                           Charles Wm. Dobra, Esq., Attorney for Debtor